P J E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHRISTOPHER P. AND WENDY D., Individually and as, Guardians *Ad Litem* of their minor child, A.P.; and Alexa LAGRANDE,

Plaintiffs,

v.

1:24-CV-803 (AMN/PJE)

THE KINDERHOOK CENTRAL SCHOOL DISTRICT, KINDERHOOK BOARD OF EDUCATION, THE COLUMBIA COUNTY DEPARTMENT OF HEALTH, THE CENTER FOR DISABILITY SERVICES, and CLOVERPATCH PRESCHOOL,

Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Cooper Erving & Savage LLP<br>20 Corporate Woods Boulevard<br>Suite 501<br>Albany, New York 12211<br>Attorneys for plaintiffs | CARLO A.C. de OLIVEIRA, ESQ.<br>PHILLIP G. STECK, ESQ. |
| The Laws Group PLLC<br>646 Plank Road, Suite 205<br>Clifton Park, New York 12065<br>Attorneys for defendant<br>Columbia County Department<br>of Health | GREGG TYLER JOHNSON, ESQ.<br>APRIL J. LAWS, ESQ.<br>OLIVIA G. REINHARDT, ESQ. |
| Rivkin Radler LLP<br>66 South Pearl Street<br>11th Floor<br>Albany, New York 12207<br>Attorney for defendant<br>Columbia County Department<br>of Health | JOHN F. QUEENAN, ESQ. |

O'Connor, O'Connor Law Firm
Albany Office
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for defendants
The Center for Disability Services &
Cloverpatch Preschool

DENNIS A. FIRST, ESQ.
ELIZABETH J. GROGAN, ESQ.

Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Attorneys for defendants
The Center for Disability Services &
Coverpatch Preschool

JOSEPH J. DIPALMA, ESQ
KSENIYA ZILBERMAN, ESQ.

Girvin & Ferlazzo, P.C.
20 Corporate Woods Boulevard
Albany, New York 12211-2350
Attorneys for defendants
Kinderhook Central School District &
Kinderhook Board of Education

SCOTT P. QUESNEL, ESQ.
MADELINE K. PING, ESQ.

**PAUL J. EVANGELISTA**
**United States Magistrate Judge**

**MEMORANDUM-DECISION & ORDER**

Presently pending before the Court is defendant Columbia County's ("the County") Motion for Relief Pursuant to Federal Rules of Civil Procedure[1] 36 and 37 seeking relief in response to plaintiffs' "failure and or refusal to properly respond" to defendant's Second Notice to Admit. *See* Dkt. No. 84-9. Plaintiffs opposed defendant's motion. *See* Dkt. No. 90. For the following reasons, the County's motion is denied.

[1] Hereinafter, "Fed. R. Civ. P." or "Rule."

## I. **Background**

Familiarity with the facts and issues underlying this case is presumed; thus, the Court will repeat the relevant facts herein only as necessary to review the instant motion. Plaintiffs commenced this action by filing a summons and complaint in June 2024. *See* Dkt. No. 1. Plaintiffs contend that defendants, "who were entrusted to protect" and educate a five-year-old child with autism, discriminated against, abused, and mistreated him. *See* Dkt. No. 1 at ¶ 8. The parties engaged in substantial discovery but have reached an impasse based on the County's Second Notice to Admit (the "Second NTA").

## II. **Arguments**

### A. **Defendant Columbia County's Motion**

On December 24, 2025, defendant served plaintiffs with the Second NTA. *See* Dkt. No. 84-9 at 5.[2] On January 21, 2026, plaintiffs responded to the Second NTA. *See id.* at 2. The County asked plaintiffs to admit to thirty-one factual statements, and the County contends that twenty-seven of plaintiffs' responses to those questions are improper as "blatantly den[ying] discrete facts that were clear from sworn deposition testimony provided by Plaintiffs" or from their document productions. *See id.* at 6. The County further argues that plaintiffs' responses were improper because they "were accompanied by various arguments and attempts to assert 'alternative facts' which Plaintiffs' counsel opines are more important; all in an apparent attempt to avoid or circumvent Plaintiffs' obligation to admit or deny the discrete facts presented." *Id.*

---

[2] Page citations to parties' submissions are to the pagination located at the header of each page, generated by the Court's electronic filing system, not to the pagination of the individual documents.

Lastly, the County asserts that plaintiffs' responses "also contain objections based on relevancy, which are demonstrably baseless." *Id.* As a result of plaintiffs' allegedly improper answers, the County asks that the Court deem request numbers one through eight, ten through twelve, fifteen through twenty-nine, and thirty-one admitted by plaintiffs, or in the alternative, that the Court compel plaintiffs to "provide proper responses to the County's Second NTA by admitting or denying each proposed factual statement within ten (10) days." *See id.* at 7.

B. **Plaintiffs' Response**

Plaintiffs argue that the County's motion to compel is procedurally and substantively defective. *See* Dkt. No. 90 at 2. Procedurally, plaintiff argues that Local Rule 7.1(a)(2) requires that the Notice of Motion set forth the date on which the required court conference before the assigned Magistrate Judge occurred. *See* Dkt. No. 90 at 2. Plaintiff argues, that because the County's Motion does not set forth that date, the Court should deny it.[3] Substantively, plaintiffs counter with several arguments. *See generally* Dkt. No. 90. First, plaintiffs argue that the County is not entitled to the relief it seeks in its motion because plaintiffs either admitted or denied "each and every request for admission, and a party who admits or denies each and every request for admission cannot be compelled to produce amended responses." *Id.* at 8. Second, plaintiffs argue that the County's RFAs seek non-relevant information. *See id.* at 9. Third, plaintiffs argue that the County's citations to deposition testimony are misleading and do not contradict plaintiffs' denials. *Id.* at 16.

---

[3] "[I]n the interests of disposing of cases on their merits, the [County's] motion practices will be ignored." *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 234 F. Supp. 2d 140, 157 n.2 (N.D.N.Y. 2002).

## III. **Legal Standard**

Rule "36(a) states straightforwardly with rather steep specificity the rules regarding Requests for Admissions." *Gaul v. Chrysler Fin. Servs. Americas LLC*, No. 1:13-CV-433 (TJM/RFT), 2014 WL 1513843, at *6 (N.D.N.Y. Apr. 16, 2014). Rule 36 provides:

> A party may serve upon any other party a written request to admit, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of the law to fact, or opinions about either; and (B) the genuineness of any described documents. [Additionally] [e]ach matter must be separately stated . . . . A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney . . . . If the matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. [Lastly] [t]he grounds for objecting to a request must be stated. A party may not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36. "The responding party is expected to admit unless they disagree with the request, then he or she must deny or object." *Gaul*, 2014 WL 1513843, at *7. "The intended impact of an admission is to conclusively establish the admitted fact unless the court permits a withdrawal or amendment of the admission." *Gaul*, 2014 WL 1513843, at *7 (quoting Fed. R. Civ. P. 36(b)). "There will be times, however, when the answer cannot be a succinct yes or no, and a qualification of the response is indeed necessary. Under these circumstances, the answering party is obligated to specify so much of its answer as true and qualify or deny the remainder of the request." *Gaul*, 2014 WL 1513843, at *7 (citation omitted). "Generally, qualification is permitted if the statement,

although containing some truth, . . . standing alone out of context of the whole truth . . . convey[s] unwarranted unfair references.” *Id.* (quoting *Deiderich v. Dep’t of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)). “These qualifications are to provide clarity and lucidity to the genuineness of the issue and not to obfuscate, frustrate, or compound the references.” *Gaul*, 2014 WL 1513843, at *7.

Alternatively, to object, the responding party must “set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.” *Gaul*, 2014 WL 1513843, at *7 (quoting *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992)). If a party objects only to a portion of a request, that party must “unambiguously answer” the portion to which they are not objecting. *Gaul*, 2014 WL 1513843, at *7 (quoting *Herrera*, 143 F.R.D. at 548). Further, if a party cannot answer because of a lack of knowledge or information, “Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party’s relative control, and to state fully those efforts.” *Gaul*, 2014 WL 1513843, at *7 (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co. Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997)).

If a party wishes to challenge the *sufficiency* of their opponent’s response to a request to admit:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

FED. R. CIV. P. 36(a)(6).

## IV. **Discussion**

The County organizes its arguments based upon four distinct categories, with one category being uncontested as it is satisfied with those responses and three disputed categories separated based upon subject matter. *See* Dkt. No. 84.9 at 8. It is unnecessary to follow that convention in this decision, as the Court finds plaintiffs' responses to all the statements in the Second NTA sufficient within the meaning of Rule 36 for globally applicable reasons. Instead, the Court will briefly discuss why each of the County's arguments is without merit.

To set the stage, the County objects to the sufficiency of plaintiffs' responses to all but NTA numbers nine, thirteen, fourteen, and thirty. *See* Dkt. No. 84-9 at 5. Of the remaining twenty-seven requests, the County essentially argues that each was improper because the plaintiffs' denials are contradicted by other evidence and they put forward alternative facts and arguments. *See generally id.* Additionally, as to NTA numbers four, five, six, ten, eleven, twelve, fifteen, sixteen, twenty-two, twenty-three, and thirty-one, the County argues that plaintiffs' objections on relevance grounds are improper. *See generally id.* However, as plaintiffs point out, they either admitted or denied each statement in the Second NTA, and the Court finds that plaintiffs satisfied their obligations under Rule 36. Ultimately, it appears that the County fundamentally misunderstands the purpose of a Rule 36 sufficiency challenge. The County's arguments are all best understood as challenges to the substance of plaintiffs' responses, which is not within the ambit of a Rule 36 sufficiency challenge. *See Brodeur v. McNamee*, No. 3:02-CV-823 NAM/DEP, 2005 WL 1774033, at *2 (N.D.N.Y. July 27, 2005) ("[R]equests for admissions are not discovery devices in the traditional

sense. While discovery mechanisms such as requests for document production, interrogatories, and depositions typically seek to uncover information for use in pursuing or defending against a litigated claim, requests for admissions serve the distinctly different purpose of assisting the parties and the court to narrow the factual issues to be presented for determination in connection with such a claim, either on motion or at trial."). Although the County may not agree with the *substance* of plaintiffs' denial, those arguments are best saved for the motion for summary judgment stage, or perhaps a Rule 37 motion after trial, since, as set forth below, the Court finds plaintiffs' responses *sufficient* within the meaning of Rule 36.

A. **Denials are Contradicted**

The County dedicates much of its motion to arguing that plaintiffs' answers are insufficient because the County can point to testimony or other evidence that contradicts the denials. *See, e.g.*, Dkt. No. 84-9 at 11-12. "[A] motion to determine the *sufficiency* of a response is not to be used as an attempt to litigate the *accuracy* of a response." *Wiwa v. Royal Dutch Petroleum Co.*, No. 01-CIV-1909 (KMW/HBP), 2009 WL 1457142, at *5 (S.D.N.Y. May 26, 2009). "A response can be sufficient, even if it is not ultimately determined to have been accurate." *Id.* (citation omitted). Thus, "a response 'is insufficient if it is not specific or the explanation for the refusal to admit or to deny lacks in detail, not because a denial may be contrary to the evidence." *Id.* (quoting parenthetically *United States v. Operation Rescue Nat.*, 111 F.Supp.2d 948, 968 (S.D. Ohio 1999)).

The Court has reviewed each of plaintiffs' responses to the Second NTA. Each response either admits or denies the requested admission. *See* Dkt. No. 84-3. That the

County does not like the answers or believes them to be contradicted by plaintiffs' own testimony or other evidence does not render the responses insufficient. *See Wiwa*, 2009 WL 1457142, at *5. "The contradictions Defendants point out, to the extent that they exist, cast doubt on the *accuracy,* not the *sufficiency,* of Plaintiffs' responses." *Id.*

> The Court further declines to consider [the County's] submission of evidence from other proceedings in support of [its] accuracy arguments. Rule 36 does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence. Even on a Rule 37(c)(2) motion, when the requesting party cites evidence that a denied matter is true, courts require that the matter be proven true before a finder of fact prior to imposing sanctions.

*Shiloah v. GEICO Indem. Co.*, No. 6:24-CV-06447 EAW CDH, 2026 WL 706557, at *7 (W.D.N.Y. Mar. 13, 2026). "Accordingly, these contradictions do not provide the basis for granting a Rule 36(a)(6) motion regarding the sufficiency of RFA responses." *See Wiwa*, 2009 WL 1457142, at *5.[4]

---

[4] The Court notes that Rule 37(c)(2) provides a mechanism for defendants to take advantage of at a later point should they ultimately be correct that these requests should have been admitted. That rule provides:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
> **(A)** the request was held objectionable under Rule 36(a);
> **(B)** the admission sought was of no substantial importance;
> **(C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> **(D)** there was other good reason for the failure to admit.

FED. R. CIV. P. 37; *see also Shiloah*, 2026 WL 706557, at *5 ("Rule 37(c)(2), not Rule 36, is the "appropriate deterrent" for false answers."). The Court makes no finding as to the applicability of this provision at a later point. Rather, the Court notes this to further show that challenging inaccuracy at this juncture is improper and premature.

B. **Presentation of Alternative Facts and Arguments**

The County next argues that many of plaintiffs' responses are improper because they present and cite alternative facts thereby frustrating the purpose of the notice to admit. *See* Dkt. No. 84-9 at 14. The Court disagrees.

"Qualification of a denial is appropriate if 'the statement [in the request], although containing some truth, standing alone out of context of the whole truth conveys unwarranted unfair references.'" *Wiwa*, 2009 WL 1457142, at *4 (quoting *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003)). "Qualifying a response may be particularly appropriate if the request is sweeping, multi-part, involves sharply contested issues, or goes to the heart of a defendant's liability." *Wiwa*, 2009 WL 1457142, at *4 (citing, *inter alia*, *Byung v. Campbell*, No. 07 Civ. 471, 2008 WL 4662349, at *4 (N.D.N.Y. Oct. 20, 2008)). "A party 'should be able to explain its position and not be bullied into an admission it does not want to make.'" *Wiwa*, 2009 WL 1457142, at *4 (quoting parenthetically *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 138 (D.D.C. 2005)). Although qualifications or explanations should "provide clarity and lucidity to the genuineness of the issue and not . . . obfuscate, frustrate, or compound the references," it has also been said that "the bar for a qualified denial should not be set too high." *Wiwa*, 2009 WL 1457142, at *5 (citing *Champlain*, 212 F.R.D. at 78)). Thus, "[a] response should be deemed sufficient if it reasonably informs the requesting party what is being admitted or denied." *Wiwa*, 2009 WL 1457142, at *5 (citing *JP Morgan Chase Bank v. Liberty Mutual Ins. Co.,* No. 01 Civ. 11523, 2002 WL 31159139, at *1 (S.D.N .Y. Sept. 27, 2002)).

Here, again, the Court has reviewed each of plaintiffs' responses and deems them sufficient although they include additional information other than merely a denial. That additional information does not render the denials vague or make unclear what is being denied. As an example, Request for Admission No. 3 states: "Admit that prior to August 15, 2024, Plaintiffs never made any requests to CC that AP be provided with ABA therapy." Dkt. No. 84-3 at 3. Plaintiffs' response was:

> DENY. Columbia County representatives were aware of A.P.'s autism diagnosis and that ABA therapy recommended by his pediatrician and the NYS DOH Guidelines. County admits that it was responsible for ensuring that the child receives the services necessary to meet the child's needs. The County failed to recommend and provide ABA therapy to A.P. The parents relied on the County's recommendations.

*Id.* Providing additional factual information or explaining the basis for a denial does not itself make the response deficient, provided the denial remains ascertainable. *Diederich*, 132 F.R.D. at 619-20. It is clear from the above example, and in the twenty-six other challenged denials, what plaintiffs were denying. Plaintiffs' inclusion of additional information does not make unclear what they contest; rather, the Court reads the additional information to be plaintiffs' attempts to explain their view of some of the key issues in the case, which does not render the responses insufficient. *See Wiwa*, 2009 WL 1457142, at *4 (citing, *inter alia*, *Byung*, 2008 WL 4662349, at *4) ("Qualifying a response may be particularly appropriate if the request involves sharply contested issues, or goes to the heart of . . . liability."). In sum, given that the sufficiency bar under Rule 36 should be kept low, the Court is confident that each of plaintiffs' responses makes sufficiently clear what they are denying, albeit while also including additional and tangentially relevant information.

### C. **Relevancy Objections**

As noted above, the County also takes issue with plaintiffs' objections to the County's requests. However, because plaintiffs responded with clear denials, then objected on relevance grounds, the Court need not consider the merits of those objections, as the responses were legally sufficient under Rule 36.

"[C]ourts that have considered the relationship between objections and answers in the context of requests for admission have recognized that as long as the responding party specifically denies a request, Rule 36 is satisfied and the propriety of any objections that are also interposed to the request is immaterial." *Shiloah*, 2026 WL 706557, at *7 (citing *Richard v. Dignean*, 332 F.R.D. 450, 462 (W.D.N.Y. 2019)).

Again, the Court has reviewed each of plaintiffs' responses, and notes that each response contains an explicit admission or denial. *See generally* Dkt. No. 84-3. Thus, it appears that the County's issue with the responses "are directed at [plaintiffs'] objections, not [their] answer[s]." *Shiloah*, 2026 WL 706557, at *7. The County "does not point to any instance in the cases [it] cites where a responding party was ordered to amend its response despite putting forth a specific denial phrased in straightforward terms." *Id.*[5] "[B]ecause [plaintiffs] ha[ve] specifically denied" all the requests to which they also objected, "the Court has no occasion to assess the merits of [their] objections." *Id.* Plaintiffs' responses were sufficient within the meaning of Rule 36, and any arguments as to relevance are not properly made at this point in the litigation.

---

[5] The undersigned notes that, in its argument regarding the objections, defendant points to authority that states "it is well settled that a party may not create a material issue of fact by disputing his own prior sworn testimony." *See* Dkt. No. 84-9 at 16 (quoting *Di Giovanna v. Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 201 (S.D.N.Y. 2009)). Although the usefulness of this authority in furtherance of the County's arguments about objections is unclear, the Court further notes that the case is not applicable to any of the issues in this motion, as the *Di Giovanna* court was deciding a motion for summary judgment–a drastically different standard than the one this Court must apply now.

D. **Plaintiffs' Motion for Sanctions**

Lastly, plaintiffs argue that the Court should exercise its inherent power pursuant to 28 U.S.C. § 1927 to grant plaintiffs reasonable costs for having to respond to defendant's motion, which it contends was filed for an improper purpose, was not supported by existing law, and contains factual contentions that are unsupported. *See* Dkt. No. 90 at 23.

> 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To succeed under § 1927, a plaintiff must demonstrate "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes. The second prong—bad faith—can be established by inference from completely meritless actions.

*Jones v. Combs*, 759 F. Supp. 3d 534, 539 (S.D.N.Y. 2024) (quoting *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000)). Further, "[a] federal court may [also] 'exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Jones*, 759 F. Supp. 3d at 539 (quoting *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124, 141 (2d Cir. 2023)). The standard for imposing sanctions under this inherent authority is the same as that applied under Section 1927. *Jones*, 759 F. Supp. 3d at 539 (citing *Revson*, 221 F.3d at 79).

The Court declines to award plaintiffs sanctions under either its statutory or inherent authority. Plaintiffs have made no showing of bad faith on behalf of the County or its attorney. Although the Court ultimately determines that the County's contentions are without merit, it cannot be said that they are so without merit as to warrant an inference of bad faith. *See Jones*, 759 F. Supp. 3d at 539. In the absence of any

evidence beyond conclusory allegations of harassment and unnecessary delay, the Court denies plaintiffs' motion for sanctions.

## V. **Conclusion**

Wherefore, for the reasons set forth above, it is hereby

**ORDERED**, that defendant Columbia County's motion to compel admissions, dkt. no. 84-9, is **DENIED**; and it is further

**ORDERED**, that plaintiffs' request for sanction, dkt. no. 90, is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve this Memorandum-Decision & Order on parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: November 12, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge